**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MATRIX FINANCIAL SERVICES CORPORATION,**<br><br>    Plaintiff,<br><br>    v.<br><br>**DION L. AUDAIN and LISA T. EDWIN, in their respective capacities as sole heirs of Rosemary Maduro, a/k/a Rosemary C. Maduro,**<br><br>    Defendants.<br>_____ | 1:16-cv-00066-WAL-EAH |

**TO:**   A.J. Stone, III, Esq.

## REPORT & RECOMMENDATION

THIS MATTER comes before the Court on an Order by the District Court referring this foreclosure matter to the undersigned for a Report & Recommendation ("R & R"). Dkt. No. 46. The Referral Order specifically cites an Order entered by former Magistrate Judge George W. Cannon, Jr. on March 1, 2017 that granted a Motion to Amend the Complaint filed by Plaintiff, Matrix Financial Services Corporation. ("Matrix"). Dkt. No. 9. The March 2017 Order permitted Matrix to add Dion L. Audain and Lisa T. Edwin, Maduro's spouse and daughter, respectively, as Defendants pursuant to Fed. R. Civ. P. 15 and 19, as it had learned that the original Defendant, Rosemary C. Maduro, died in 2014. The Referral Order asked the undersigned to review the March 2017 Order, given that it contained no analysis of probate issues and thus the District Court could not determine whether the appropriate Defendants, or all Defendants, had been joined in the action, and deferred ruling on the Motion for default judgment pending that review. Dkt. No. 46. For the reasons that follow, the Court

recommends that the District Court conclude that the Order granting the Motion to Amend, Dkt. No. 9, was properly entered and that it proceed to adjudicate the pending Motion for Default Judgment, Dkt. No. 41, because the undersigned has determined that the proper Defendants were joined in this action as Maduro's "sole heirs."

## BACKGROUND

In September 2016, Matrix filed a diversity debt and foreclosure complaint against Maduro, alleging that she owned title to real property (81 Estate Richmond) on St. Croix; she defaulted under the terms of the Note and Mortgage in October 2015; Matrix gave notice of the default, which was not cured; and thus, it sought, inter alia, foreclosure of the mortgage and a deficiency judgment. Dkt. No. 1. When the summons was returned unexecuted, Matrix sought an extension of time to serve process. Dkt. Nos. 5-7.

In February 2017, Matrix moved to amend the complaint pursuant to Fed. R. Civ. P. 15 and 19. Dkt. No. 8. It alleged that, in attempting to serve Maduro, it learned that she had died in 2014, and that no probate action had been initiated to settle her estate. *Id*. at 1. Matrix had "determined" that Dion L. Audain was Maduro's spouse at the time of her death and that Lisa T. Edwin was Maduro's daughter. *Id*. Under Virgin Islands intestacy law, both Audain and Edwin had interests in the property as the surviving spouse and child. *Id.* at 1-2, citing 15 V.I.C. 84(1). Matrix was required to name all parties holding a "subordinate interest" to its mortgage in the action pursuant to 28 V.I.C. § 532; under Rule 15, leave to amend should be freely given when justice so requires; under Rule 19, persons with interest in the subject of the suit had to be joined; and therefore, Matrix sought to amend its complaint to add

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 3

Audain and Edwin as Defendants. *Id.* at 2. The proposed First Amended Complaint named them as Defendants as follows: "Dion L. Audain and Lisa T. Edwin, in their respective capacities as sole heirs of Rosemary Maduro, a/k/a Rosemary C. Maduro." Dkt. No. 8-3.

On March 1, 2017, Magistrate Judge Cannon granted the motion to amend. Dkt. No. 9. The Order recounted that Matrix sought "to substitute the heirs of Defendant's estate as named Defendants," and granted the relief under Rule 15. *Id.* Matrix then filed the Amended Complaint. Dkt. No. 10. Summonses were issued and returned executed; Edwin was served in Georgia, Dkt. No. 15, and Audain was served at 81 Estate Richmond on St. Croix, Dkt. No. 16. Matrix thereafter moved for entry of default against Audain and Edwin, Dkt. Nos. 17, 18, and the Clerk entered defaults, Dkt. No. 19. In October 2017, the case was stayed based on holds instituted by the Federal Emergency Management Agency after Hurricane Maria, and subsequent foreclosure moratoriums. Dkt. Nos. 21, 28, 31.

In a May 2018 Status Report, Matrix stated that, prior to the holds, it had been "weighing whether to open a probate proceeding to administer the estate of the borrower, Rosemary Maduro, or to proceed against the mortgaged property *in rem*." Dkt. No. 36 at 1. Given that the last hold had just expired, it would inform the Court in 30-60 days which option it would elect. *Id.* The Court issued an Order to Show Cause when Matrix did not update the Court concerning how it would proceed. Dkt. No. 38. In its response, Matrix asserted that it intended to "pursue the *in rem* foreclosure of the mortgage, rather than initiating a probate of the borrower-mortgage's estate." Dkt. No. 39 at 1. It provided a copy

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 4

of a draft affidavit of indebtedness that it would file with its forthcoming motion for default judgment. *Id*. The Court discharged the Order to Show Cause. Dkt. No. 40.

In October 2018, Matrix moved for default judgment. Dkt. Nos. 41-44. In its Memorandum, Matrix stated that, in light of Maduro's death, it elected to foreclose *in rem* its mortgage against the Property; that Audain and Edwin were not minors or incompetents, or in the military service; that under 28 V.I.C. § 531, the Court could foreclose liens on real property; it was entitled to default judgment against Maduro, Audain and Edwin; and Audain's and Edwin's interests (as surviving spouse and daughter of Maduro) were subject to the mortgage. Dkt. No. 42 at 3-8. It sought foreclosure, as well as attorney's fees and compensable costs under the Note and Mortgage. *Id.* at 11-14. The proposed order does not seek any deficiency judgment against Audain and Edwin. Dkt. No. 41-1.

As indicated above, the District Court referred the March 2017 Order to the undersigned for a "more complete inquiry and analysis" related to "the appropriate substitution or addition of defendants in this action." Dkt. No. 46 at 2. Thereafter, this Court issued an Order requiring Matrix to present evidence on or before November 30, 2022 concerning whether Dion Audain and Lisa Edwin were Rosemary Maduro's sole heirs under 15 V.I.C. § 84(1). Dkt. No. 47.

Matrix timely responded to that Order with a memorandum and a detailed Declaration by Counsel, A.J. Stone III, Esq. Dkt. Nos. 48, 49. Plaintiffs' Counsel noted that his office had sustained damage, which included loss of some electronic and paper records during the 2017 hurricanes, and the employee who had the most personal knowledge of the

Case: 1:16-cv-00066-WAL-EAH Document #: 50 Filed: 12/01/22 Page 5 of 11

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 5

events had relocated to the mainland. Dkt. No. 49. Nevertheless, he provided contemporary billing records, emails with his support staff who personally contacted Audain and Edwin and telephone records confirming those calls, an affidavit from the process server, and a skip trace public records search result, all of which supported Matrix's position that Audain was Maduro's husband and Edwin was her only child, and thus they were her "sole heirs." Dkt. Nos. 49, 49-1, 49-2, 49-3, 49-4, and 49-5. For example, the process server spoke with Audain "husband of Rosemary Maduro Audain, who indicated that his wife Rosemary Maduro Audain passed away on December 13, 2015[1] in Stone Mountain Georgia," Dkt. No. 49-2 (information that was consistent with Maduro's death certificate, Dkt. No. 8); Dkt. Nos. 49-3, 49-4 (email from support staff who contacted Audain, who told the staffer that "Rosemary had one child" and attaching the Accurint skip-trace showing relatives of Audain).[2] Given this information, Matrix could conclude "with a high degree of confidence" that Audain and Edwin were properly named in this suit as sole heirs of Maduro. Dkt. No. 48 at 3.

## DISCUSSION

In reviewing the March 2017 Order, the first issue that arises is whether Rule 15— governing amendment, under which Matrix moved to add Audain and Edwin as

---

[1] This is apparently a mistake. The Death Certificate indicates that Maduro died on December 13, 2014 in Stone Mountain, Georgia. Dkt. No. 8.

[2] The skip trace also indicates a Fritz A. Maduro as a relative, age 61. Dkt. No. 49-4. Attorney Stone explains that a search of the Virgin Islands Superior Court public docket revealed divorce proceedings between Maduro and a previous spouse, Fritz A. Maduro, that concluded in 2006. *Maduro v. Maduro*, No. ST-2003-DI-00230 (file closed Apr. 26, 2006). Dkt. No. 48 at 2 n.*. Attorney Stone adds that a search of the Superior Court's public docket did not reveal any divorce proceedings between Maduro and Audain, lending further support to the fact that they were still married at the time of Maduro's death. Dkt. No. 48 at 3.

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 6

Defendants—or Rule 25(a)—governing the procedure to substitute parties in district courts when a party dies—applies here. Rule 25 provides:

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Although the Third Circuit has not addressed the issue, all of the other circuits that have done so have held that Rule 25(a) substitution is not applicable if a party has died before an action has been filed. *See, e.g., House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 784 (4th Cir. 2019) (Rule 25 is inappropriate in these circumstances because "a deceased plaintiff lacks Article III standing" in the first place); *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) ("[The dead lack the capacities that litigants must have to allow for a true Article III case or controversy."); *Mizukami v. Buras*, 419 F.2d 1318, 1320 (5th Cir. 1969) (per curiam) (Rule 25 "contemplates substitution for someone who had been made a party before his death. It is not available to the appellants in the present case since Buras predeceased the filing of the action."); *see also* 7C Charles A. Wright et al., Federal Practice & Procedure § 1951 (3d ed. 2010) ("The rule presupposes that substitution is for someone who was a party to a pending action. Substitution is not possible if one who was named as a party in fact died before the commencement of the action." (footnotes omitted)).

Since Maduro died in 2014, two years before the action commenced, Rule 25(a) would not have been applicable as a vehicle to substitute parties for Maduro. "Where Rule 25 is not

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 7

applicable, the party seeking a change of parties must look to Rule 15 (amendment), Rule 21 (misjoinder or nonjoinder), or Rule 24 (intervention)." *Morgan v. Childrens Home Soc. of N.C.*, 2011 WL 2532807, at *1 (W.D.N.C. June 24, 2011) (citing 20 Charles Alan Wright & Mary Kay Keene, Federal Practice Deskbook § 82 (2002)); *see also Unterberg v. ExxonMobil Oil Corp.*, No. 14 CIV. 10025 (GBD), 2018 WL 6332899, at *2 (S.D.N.Y. Nov. 7, 2018) ("Rule 15(a) may be used to substitute new plaintiffs") (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966) and *Estate of A. A. v. United States*, No. 15 Civ. 1479 (JCH), 2016 WL 7471634, at *10 (D. Conn. Dec. 28, 2016) ("Like Rule 25, Rule 15 may be used to substitute a new party.")).

Thus, while amendment of the complaint under Rule 15, as opposed to Rule 25(a), to substitute Audain and Edwin was proper, Matrix named them as Defendants in their "capacities as sole heirs of Rosemary Maduro, a/k/a Rosemary C. Maduro," citing 15 V.I.C. § 84(1) and 28 V.I.C. § 532 as the statutory authority to do so. Dkt. No. 8.

Title 28, Section 532 of the Virgin Islands Code provides:

> Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action. Any person having a prior lien may be made defendant at the option of the plaintiff, or by the order of the court when deemed necessary.

28 V.I.C. § 532. This statute requires subsequent lienholders on a property to be joined in a foreclosure action. However, nothing in the record shows that Audain or Edwin have actual liens on the property subsequent to Matrix, and Matrix points to no authority to support its

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 8

position that heirs of a mortgagor, by virtue of their position solely as heirs, have liens on a property and therefore have an interest in it, warranting joinder as defendants under § 532.

The issue then becomes what interest in the property, if any, Audain and Edwin had as Maduro's heirs. Matrix stated that Maduro died intestate, that no probate proceedings had been initiated, and named them in their capacities as "sole heirs." The Virgin Islands intestate distribution statute, entitled "[d]escent and distribution of estate of decedent," provides, in pertinent part:

> The real property of a deceased person, male or female, not devised, shall descend, and the surplus of his or her personal property, after payment of debts and legacies, and if not bequeathed, shall be distributed to the surviving spouses, children, or next of kin or other persons, in manner following:
> (1) One-third to the surviving spouse, and the residue in equal portions to the children, and such persons as legally represent the children if any of them have died before the deceased.

15 V.I.C. § 84(1). In *United States v. Connor*, 2013 WL 450281 (D.V.I. Feb. 6, 2013), Magistrate Judge Miller explained how one's status as an heir of an intestate ancestor vests an immediate interest in real property upon the death of that ancestor, even without probate proceedings:

> 'Virgin Islands law recognizes the widely accepted principle of descent providing that all real-property interests pass to the heirs upon the death of the intestate ancestor and can be asserted by those heirs immediately.' *Government of Virgin Islands v. Certain Parcels of Land in Estate Nisky,* 713 F.2d 53, 57 n.10 (3d Cir. 1983) (citations omitted); *see also Martin v. Banco Popular de P.R.,* 379 Fed. Appx. 185, 188 (3d Cir. 2010) ("Under Virgin Islands law, title to a decedent's property vests in the decedent's heirs at the moment of death."); *Bank of Nova Scotia v. Dore,* 2012 V.I. LEXIS 52, at * 16 (V.I. Super. Ct. Oct. 19, 2012) (explaining "in the Virgin Islands, real property passes from a decedent to his or her heirs immediately upon the passing of the decedent to his or her heirs, even without an administration of decedent's estate"). . . . Stated differently, under Virgin Islands law, "heirs-at-law succeed to real property of an intestate by operation of law, without the necessity of a formal

Case: 1:16-cv-00066-WAL-EAH   Document #: 50   Filed: 12/01/22   Page 9 of 11

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 9

administration of the estate." *Certain Parcels of Land in Estate Nisky,* 713 F.2d at 57. Thus . . . the Property vested in the heirs of [the decedent] upon his death.

Where real property secures a loan, the heirs take the property subject to the mortgage thereon. *Dore,* 2012 V.I. LEXIS 52, at *16 (stating "real property passes to heirs subject to any mortgages recorded thereon") (citing *In re Camp,* 78 B.R. 58, 64 (Bankr. E. D. Pa. 1987) ("If an individual inherits a real property which is subject to a note and mortgage, it is obvious that the individual owns property subject to the debt, but is not personally liable.")). Thus, "[h]eirs are liable to an action by a creditor of a deceased person to recover the debt of their ancestor . . . to the extent of the value of any real property inherited by . . . them [and] . . . *all the heirs who are liable shall be made parties to the action*." 15 V.I.C. § 645 (emphasis added). This Court is unaware of a Virgin Islands statute requiring a mortgagee proceed against the administrator of the estate of the mortgagor, in addition to the mortgagor's heirs, in order to foreclose its mortgage, and defendants point to none. *See* 15 V.I.C. § 429 ("Where real property, subject to a mortgage executed by any ancestor . . . descends to a distributee, . . . such distributee . . . must satisfy and discharge the mortgage . . . out of his own property, without resorting to the . . . administrator of his ancestor[.]"). Indeed, as one court explained,

> An administrator is the person through whom any deficiency on the . . . mortgage debt may be collected and he may be made a party defendant and adjudged to pay through his administration of the estate any deficiency which may arise if the plaintiff sees fit to so demand. But it is not incumbent upon the holder of the mortgage to make this demand, *for the only necessary parties defendant to a foreclosure action are the persons having title to the premises covered by the mortgage and those who have acquired liens subsequent to the mortgage.*

*Heidgerd v. Cunningham*, 135 A.D. 414, 416 (N.Y. App. Div. 1909) (emphasis added). Here, the proposed second amended complaint seeks no deficiency judgment; thus, plaintiff is not required to proceed against the personal representative of [the] estate.

*United States v. Connor*, No. CIVIL 11-93, 2013 WL 450281, at *2–3 (D.V.I. Feb. 6, 2013). Here, similar to *Connor*, the decedent died intestate, no estate has been opened, and Matrix is proceeding *in rem*, seeking no deficiency judgment. Therefore, Matrix "is not required to proceed against the personal representative of [Maduro's] estate." *Id*. at *3.

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 10

The remaining issue was whether Audain and Edwin were Maduro's "sole heirs." Matrix has supported its position that Audain was Maduro's husband and Edwin was her only child, and thus they were her "sole heirs" at the time of her death, through a detailed Declaration by Counsel, A.J. Stone III, Esq., to which he attached contemporary billing records, emails with his support staff who personally contacted Audain and Edwin and telephone records confirming those calls, an affidavit from the process server, and a skip trace public records search result. Dkt. Nos. 49, 49-1, 49-2, 49-3, 49-4, and 49-5. In the Court's view, this is sufficient to show that Audain and Edwin were, in fact, Maduro's sole heirs under 15 V.I.C. § 84(1), that the Order granting the Motion to Amend, Dkt. No. 9, was properly entered, and that this action may proceed.

Accordingly, it is hereby **RECOMMENDED** that the District Court consider the Order granting Plaintiff's Motion to Amend, Dkt. No. 9, was properly entered, properly names Dion Audain and Lisa Edwin as Rosemary Maduro's sole heirs under 15 V.I.C. § 84(1), and that the District Court proceed to adjudicate Matrix's Motion for Default Judgment, Dkt. No. 41.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

*Matrix Fin. Serv. Corp. v. Maduro*
1:16-cv-00066-WAL-EAH
Report & Recommendation
Page 11

The Clerk of Court shall provide a copy of this R&R to Audain and Edwin by certified mail, return receipt requested.

                                                ENTER:

Dated: December 1, 2022                   /s/ Emile A. Henderson III
                                                        EMILE A. HENDERSON III
                                                        U.S. MAGISTRATE JUDGE