DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **MATRIX FINANCIAL SERVICES CORPORATION,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DION L. AUDAIN and LISA T. EDWIN,** )<br>**in their respective capacities as sole heirs of** )<br>**ROSEMARY MADURO a/k/a** )<br>**ROSEMARY C. MADURO,** )<br>)<br>**Defendants.** )<br>_____ ) | Civil Action No. 2016-0066 |

**Attorney:**
**A.J. Stone, III, Esq.,**
St. Thomas, U.S.V.I.
  *For Plaintiff*

## JUDGMENT AND ORDER

**UPON CONSIDERATION** of the "Motion for Default Judgment" (Dkt. No. 41) filed by Plaintiff Matrix Financial Services Corporation ("Plaintiff") against Defendants Dion L. Audain ("Audain") and Lisa T. Edwin ("Edwin"), in their respective capacities as the sole heirs of Rosemary Maduro a/k/a Rosemary C. Maduro ("Maduro"); the entire record herein; and for the reasons stated in the Memorandum Opinion filed contemporaneously herewith, it is hereby

**ORDERED, ADJUDGED AND DECREED** that Plaintiff's "Motion for Default Judgment" (Dkt. No. 41) against Defendants Audain and Edwin is **GRANTED** to the extent set forth herein; and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff has a first priority lien on the property described in the Warranty Deed as:

> Parcel No. 81 of Estate Richmond, Company Quarter St. Croix, Virgin Islands consisting of 0.11 US acre, more or less, as more particularly shown on P.W.D. No. 519, dated August 25, 1956, last revised June 23, 1971

("the Property") (Dkt No. 43-1); and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded final judgment against Defendants Audain and Edwin in the amount of the principal balance of $67,217.10; accrued interest from September 1, 2015 to September 1, 2018 of $15,123.96; accrued interest from September 2, 2018 through the date of the entry of Judgment of $24,485.13; escrow advances (hazard insurance and taxes) of $4,597.14; late fees of $328.84; and property inspection and preservation fees of $425.00, for a total indebtedness of $112,177.17; and it is further

**ORDERED, ADJUDGED AND DECREED** that the total indebtedness of $112,177.17 shall accrue interest at the federal statutory rate, pursuant to 28 U.S.C. § 1961(a), from the day after the entry of Judgment until this Judgment is satisfied; and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded attorneys' fees in the amount of **$5,344.38** to be assessed jointly and severally against Defendants Audain and Edwin, and to be added to the total indebtedness set forth above; and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may seek an additional award of attorneys' fees, costs, and expenses for any additional services rendered, to be determined upon appropriate application filed with the Court at any time prior to entry of an Order confirming the sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff's Mortgage dated September 1, 2006, is hereby **FORECLOSED,** and all other liens or encumbrances subsequent or inferior to Plaintiff's Mortgage, or that may have been recorded any time thereafter against the interests of Defendants Maduro, Audain, or Edwin or their successors and assigns in the Property, are hereby **FORECLOSED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendants Maduro, Audain, and Edwin and all persons claiming from or under them shall be forever barred and foreclosed from all rights of redemption and claims to the Property except for statutory redemption rights in accordance with V.I. Code Ann. Tit. 28, § 535; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Property shall be sold by the U.S. Marshal according to law at a judicially supervised sale and that the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshals Service pursuant to 28 U.S.C. § 1921, and then toward satisfaction of this Judgment in favor of Plaintiff including any costs and attorneys' fees that may be awarded upon application and any sums that may be paid by Plaintiff for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale, with interest at the federal statutory rate from the date of any such payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that any surplus remaining after the application of the proceeds as provided above, shall be distributed in accordance with 5 V.I.C. § 489; and it is further

**ORDERED, ADJUDGED AND DECREED** that time is of the essence for the payment of all amounts in connection with the Marshal's Sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that:

1. Pursuant to 5 V.I.C. § 484, notice of the Marshal's Sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general

circulation in the U.S. Virgin Islands. The notice shall describe the Property as set forth above and shall contain the terms and conditions of sale as set forth herein.

2. The terms and conditions of the sale shall be as follows:

   a. The Property shall be seized and sold at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, Federal Building, Christiansted, St. Croix, U.S. Virgin Islands, in accordance with 28 U.S.C. §§ 2001 and 2002;

   b. Plaintiff may bid a credit against its judgment and interest thereon, plus any costs, fees, and expenses, without tender of cash;

   c. The terms of sale as to all other persons or parties bidding shall be bank check, money order, or other certified funds. The successful bidder shall be required to deposit with the United States Marshal cash equal to ten percent (10%) of the bidder's total bid at or before 5:00 p.m. on the date of sale; and the remaining ninety percent (90%) of said purchase price shall be paid on or before 5:00 p.m. within thirty (30) days, inclusive, of the date of sale;

   d. The successful bidder shall be responsible for the payment of stamp taxes, recording fees, and related charges associated with obtaining and recording a deed to the Property;

   e. The United States Marshal shall make his report of sale within ten (10) days from the date of sale.

   f. If no objections have been filed in writing with the Clerk of Court within five (5) days after the return of the sale by the Marshal, the sale shall be confirmed upon motion of Plaintiff or the purchaser.

3. Plaintiff shall have any and all writs necessary to execute the terms of this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that Magistrate Judge Emile A. Henderson III's Report and Recommendation (Dkt. No. 50) concluding that the Order granting Plaintiff's Motion to Amend the Complaint was properly entered is **ADOPTED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that a copy of this Judgment shall be directed to the counsel of record for Plaintiff; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Clerk of Court is directed to provide a copy of this Judgment to the U.S. Marshal for service on Defendants Audain and Edwin.

**SO ORDERED.**

Date:  July 10, 2023  _____/s/_____
WILMA A. LEWIS
District Judge