**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| MATRIX FINANCIAL SERVICES CORPORATION,<br><br>    **Plaintiff,**<br><br>  v.<br><br>DION L. AUDAIN and LISA T. EDWIN,<br>in their respective capacities as sole heirs of<br>ROSEMARY MADURO, a/k/a<br>ROSEMARY C. MADURO,<br><br>    **Defendants.** | Civil Action No. 2016-0066 |

**Attorney:**
**A.J. Stone, III, Esq.,**
St. Thomas, U.S.V.I.
 *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

  THIS MATTER comes before the Court on the "Motion for Default Judgment" ("Motion") filed by Plaintiff Matrix Financial Services Corporation ("Plaintiff") against Defendants Dion L. Audain and Lisa T. Edwin ("Defendants"), in their respective capacities as the sole heirs of Rosemary Maduro a/k/a Rosemary C. Maduro ("Maduro"). (Dkt. No. 41). In its Memorandum of Law attached to the Motion, Plaintiff requests attorneys' fees in the amount of $6,287.50 and expenses in the amount of $849.24. (Dkt. No. 42 at 11-14).[1] Also before the Court is a Report and Recommendation ("R&R") by Magistrate Judge Emile A. Henderson III, recommending that a previously entered Magistrate Judge Order (Dkt. No. 9) granting Plaintiff's Motion to Amend the

---

[1] Counsel is advised that future requests for attorneys' fees, costs, and expenses should be filed with the Court via a separate Motion for Attorneys' Fees rather than in a Memorandum in support of a Motion for Default Judgment, as done here.

Complaint to substitute the named Defendants was properly entered. (Dkt. No. 50). For the reasons discussed below, the Court will adopt the Magistrate Judge's R&R, enter default judgment, and award Plaintiff $5,344.38 in attorneys' fees to be assessed jointly and severally against Defendants Audain and Edwin.

## I.     BACKGROUND

On September 28, 2016, Plaintiff filed a Complaint against Maduro for a debt owed and for foreclosure of a mortgage on real property. (Dkt. No. 1). Thereafter, Plaintiff filed a Motion to Amend the Complaint to name Dion L. Audain ("Audain") and Lisa T. Edwin ("Edwin"), Maduro's husband and daughter, respectively, as Defendants in this action after Plaintiff learned that Maduro had died. (Dkt. No. 8). In support of its Motion, Plaintiff asserted that Audain and Edwin, as Maduro's spouse and child, held subordinate interests in the subject property under Virgin Islands intestacy law, and must be named as Defendants in the instant action to foreclose on the subject property. *Id.* On March 1, 2017, Magistrate Judge George W. Cannon, Jr. entered an Order granting the Motion to Amend. (Dkt. No. 9).

In the Amended Complaint, Plaintiff alleges that, on September 1, 2006, Maduro executed and delivered a promissory note (the "Note") in favor of Flagstar Bank, FSB ("Flagstar") in the principal amount of $76,000.00. (Dkt. No. 10 at ¶ 6). As security for the Note, Maduro executed and delivered to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar, its successors, and assigns, a mortgage (the "Mortgage"), encumbering property described in the Warranty Deed as:

> Parcel No. 81 of Estate Richmond, Company Quarter St. Croix, Virgin Islands consisting of 0.11 US acre, more or less, as more particularly shown on P.W.D. No. 519, dated August 25, 1956, last revised June 23, 1971

(the "Property") (Dkt. No. 43-1). The Amended Complaint alleges that the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix ("Recorder") on September 11, 2006; MERS as nominee for Flagstar assigned its entire interest in the Mortgage to Plaintiff on June 30, 2016; and such assignment was recorded on July 8, 2016 with the Recorder. (Dkt. No. 10 at ¶¶ 10, 25).

The Amended Complaint further alleges that on or about October 1, 2015 Maduro defaulted under the terms and conditions of the Note by failing to make monthly installments of principal, interest, and other charges that became due pursuant to the Note and the Mortgage. *Id.* at ¶ 15. By correspondence dated November 16, 2015, Plaintiff sent a Notice of Default to the address on record advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (Dkt. No. 41-2). As of the date of the Complaint, the default was not cured; payment of the debt was accelerated; and Maduro remained in default. (Dkt. No. 10 at ¶ 18).

Plaintiff seeks, *inter alia*, judgment in its favor and against Defendants: declaring that Maduro defaulted under the terms of the Note and the Mortgage, thereby entitling Plaintiff to exercise all remedies provided by those documents; awarding the principal balance due on the Mortgage plus interest, other charges, costs, expenses, and attorneys' fees; declaring that Plaintiff's Mortgage forecloses the interests of all other lienholders subject only to statutory redemption rights; and ordering that the Property be sold with any proceeds to be applied to the sums due to Plaintiff. *Id*. at 5-6.

On September 26, 2017, Plaintiff filed a "Notice of FEMA Hold" advising the Court that a 90-day foreclosure moratorium by the Federal Emergency Management Agency had been issued following the occurrence of natural disasters in the U.S. Virgin Islands. (Dkt. No. 20). After the

Magistrate Judge granted the 90-day stay, Plaintiff filed a "Motion to Stay Proceedings" due to the extension of the foreclosure moratorium by Fannie Mae. (Dkt. Nos. 27, 27-1). The Magistrate Judge lifted the stay on June 6, 2018. (Dkt. No. 37).

On October 24, 2018, Plaintiff filed a "Motion for Default Judgment" together with a Memorandum of Law. (Dkt. Nos. 41, 42). Plaintiff argues that the procedural elements for default judgment against Defendants have been satisfied because they have been personally served with copies of the Summons and Complaint; Defendants have not defended themselves in this matter; Defendants are not infants or incompetent persons; and Defendants are not engaged in military service. (Dkt. No. 42 at 7). In addition, Plaintiff asserts that it has satisfied the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[2] *Id.*

Along with the Motion for Default Judgment, Plaintiff also filed an Affidavit of Indebtedness ("Affidavit"). (Dkt. No. 43). In the Affidavit, Vanessa M. Ellison ("Ellison"), Loan Administration Analyst, attests that she has personal knowledge of the documents executed by Maduro, which are maintained as part of Flagstar's business records. *Id.* at ¶¶ 2-3. Based on the information provided, the indebtedness to Plaintiff as of September 1, 2018 consists of the following: a principal balance of $67,217.10; accrued interest from September 1, 2015 to September 1, 2018 of $15,123.96; escrow advances (hazard insurance and taxes) of $4,597.14; late fees of $328.84; and property inspection and preservation fees of $425.00, for a total

---

[2] The three *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

indebtedness of $87,692.04. *Id.* at ¶¶10-13. Ellison also asserts that interest accrues on the outstanding debt at the per diem rate of $13.81 as of September 1, 2018. *Id.* at ¶ 14.

In its Memorandum of Law, Plaintiff also requests attorneys' fees in the amount of $6,287.50 and expenses in the amount of $849.24, for a total of $7,136.74. (Dkt. No. 42 at 11-14). Additionally, Attorney Stone submitted a "Declaration of Counsel in Support of Motion for Attorneys' Fees" averring that he and Attorney Steve K. Hardy billed at the hourly rate of $250.00, along with billing records listing the services billed by both attorneys. (Dkt. Nos. 44, 44-1).

On October 28, 2022, the Court referred Plaintiff's Motion to Amend the Complaint to Magistrate Judge Honorable Emile A. Henderson III for a R&R. (Dkt. No. 46). Because the initial Magistrate Judge Order did not contain an analysis of the probate issues, Magistrate Judge Henderson was asked to determine whether the appropriate defendants—or all such defendants— have been included and properly joined in this action. *Id.* Thereafter, Magistrate Judge Henderson issued a R&R concluding that the Order granting the Motion to Amend was properly entered and that Plaintiff has provided sufficient evidence to demonstrate that Defendants are Maduro's sole heirs, and as such are appropriate parties to the instant action. (Dkt. No. 50). To date, neither of Defendants has responded to Plaintiff's Motion for Default Judgment or have submitted Objections to the R&R.

## II. APPLICABLE LEGAL PRINCIPLES

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ.

5

P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164).

### III.   DISCUSSION

#### A.   Substitution of Defendants

As a preliminary matter, the Court determines whether Defendants are the proper defendants in this matter. In the R&R, the Magistrate Judge found that the substitution of Defendants was appropriately made under Rule 15(a) of the Federal Rules of Civil Procedure; Plaintiff could proceed *in rem* against Defendants as heirs of the Property pursuant to 15 V.I.C. §

84(1)[3]; and based on the evidence provided by Plaintiff, Defendants are the sole heirs of Maduro.[4]

Pursuant to 28 U.S.C. § 636(b)(1), objections to Magistrate Judge Henderson's R&R were due fourteen days after Defendants received a copy. To date, no parties have submitted objections to the R&R. Where—as here—the parties do not object to a magistrate judge's R&R, there is no statutory requirement that a district court review the R&R before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made") (emphasis added); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."

When no objection to a magistrate judge's report and recommendation is made, the district court reviews the report and recommendation for plain error. *Henderson v. Carlson*, 812 F.2d 874,

---

[3] Title 15, Section 84, Subsection 1 provides, in pertinent part, that the real property of a deceased person…shall descend … shall be distributed to the surviving spouses, children, or next of kin or other persons, in manner following … as one-third to the surviving spouse, and the residue in equal portions to the children..."

[4] The Magistrate Judge ordered Plaintiff to provide evidence that shows that Audain and Edwin are Maduro's sole heirs. (Dkt. No. 47). In response, Plaintiff provided a Declaration of Counsel (Dkt. No. 49), along with billing records reflecting counsel's work to determine whether Maduro had surviving heirs (Dkt. No. 49-1); an affidavit of the process server attesting that upon attempting to serve Maduro with the Complaint, Audain, who the process server had identified as Maduro's surviving spouse, indicated that Maduro had passed away (Dkt. No. 49-2); email communications between counsel and his legal assistant regarding her conversations with both Audain and Edwin wherein in one such conversation Audain said Maduro had one child, who was Edwin (Dkt. No. 49-3); and a skip trace from an online public records search tool listing Audain and Edwin as Maduro's relatives (Dkt. Nos. 49-4, 49-5). The Court finds that such evidence is sufficient to show that Defendants are Maduro's sole heirs.

878 (3d Cir. 1987); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that by failing to object to a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error.'"). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is clear or obvious and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006).

Having reviewed the record and the R&R for plain error, the Court finds that Magistrate Judge Henderson addressed the dispositive legal issues in a manner consistent with applicable law. Therefore, the Court finds that the Order granting the Motion to Amend was appropriately entered, and Audain and Edwin were appropriately named as Defendants in the instant action due to their surviving interests in the Property as Maduro's heirs.

**B.     Default Judgment**

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendants, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. Plaintiff has provided evidence to establish the elements of its foreclosure action against Defendants. Specifically, Plaintiff has shown that: (1) Maduro executed and delivered a promissory note and mortgage dated September 1, 2006 (Dkt. Nos. 43-1; 43-2); (2) MERS transferred its interest in the Property to Plaintiff via an Assignment of Mortgage on June 30, 2016 (Dkt. No. 43-3); (3) Plaintiff has possession of the Note and is the holder of the Mortgage, which provides that Plaintiff is entitled to foreclose its lien on the Property (Dkt. No. 43-2 at ¶ 22); and (4) Maduro is in default under the terms of the Note and the Mortgage (Dkt. No. 42-2). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendants. It has properly shown that: (1) Defendants were personally served with the Summons and Complaint (Dkt. Nos. 15, 16); (2) Defendants have not appeared in this action; (3) default was entered against Defendants by the Clerk of Court on May 24, 2017 (Dkt. No. 19); and (4) Defendants are not infants nor incompetent persons (Dkt. No. 42 at ¶11). Further, Plaintiff has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that Dion L. Audain and Lisa T. Edwin are not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)]. (Dkt. No. 43-8).

Plaintiff has also shown with specificity how it calculated the amount due on the account by providing the Affidavit of Indebtedness signed by Ellison and supporting documentation. (Dkt.

No. 43). The Court finds that the following amounts are due: a principal balance of $67,217.10; accrued interest from September 1, 2015 to September 1, 2018 of $15,123.96; accrued interest from September 2, 2018 through the date of the entry of Judgment of $24,485.13[5]; escrow advances (hazard insurance and taxes) of $4,597.14; late fees of $328.84; and property inspection and preservation fees of $425.00, for a total indebtedness of $112,177.17.

Finally, Plaintiff has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Defendants' breach of their contractual obligations together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, Defendants' culpable conduct is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against Defendants is appropriate.

### C. Attorneys' Fees and Expenses

#### 1. Attorneys' Fees

In the Memorandum of Law attached to the Motion, Plaintiff has also requested an award of attorneys' fees in the amount of $6,287.50 and expenses in the amount of $849.24. (Dkt. No. 42 at 11-14). In support of its request, Plaintiff submitted, *inter alia*, "Declaration of Counsel in

---

[5] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $13.81 from September 2, 2018 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $13.81 per diem rate $x$ 1773 days = $24,485.13.

Support of Motion for Attorney Fees and Costs" and billing records. (Dkt. Nos. 44 and 44-1).[6] In the Memorandum of Law and the Declaration, A.J. Stone, III, Esq. states that he and Steve K. Hardy, Esq. are senior associates, and their hourly billing rate is $250.00. (Dkt. Nos. 42 at 3; 44 at 2). Attorney Stone verified that "the items are correct" and "the services set forth therein were actually and necessarily performed." (Dkt. No. 44 at 2). Each billing entry includes columns for the date the work was performed, the initials of Attorneys Stone or Hardy, a brief description of the work performed, the time spent and hourly rate, and the total dollar amount billed for each entry. (Dkt. No. 44-1).

The Virgin Islands statute governing attorneys' fees provides, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties...." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has held, however, that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (2011); *see also Abramovitz v. Lynch*, Civil No. 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I.R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorney's fees and costs are reasonable."). In addition, the Virgin Islands

---

[6] Plaintiff also attached a copy of the affirmation of Chad Messier, Esq. regarding hourly rates for attorneys in the U.S. Virgin Islands, dated May 6, 2011 (Dkt. No. 42-3), a copy of the declaration of Richard H. Dollison, Esq. regarding his hourly rate, dated March 6, 2012 (Dkt. No. 42-4), a copy of the declaration of Justin K. Holcombe, Esq. regarding his hourly rates, dated March 6, 2012 (Dkt. No. 42-5).

Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a). The terms of the Mortgage here also state that Plaintiff may recover "reasonable" attorneys' fees. (Dkt. No. 43-2 at ¶ 22). Therefore, the Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *See Phillips v. FirstBank Puerto Rico*, Civ. No. 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2019) (observing that the inclusion of attorneys' fees within the definition of reasonable costs is derived from 5 V.I.C. § 541).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, Civil Action No. 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, Civil Action No. 2005-0011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the court undertakes a two-step analysis. First, the court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Williams v. Ranger American of V.I., Inc.*, Civ. No. 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or

otherwise unnecessary." *Phillips*, 2018 WL 1789546, at *3 (quoting *Flagstar Bank, FSB v. Stridiron*, Civil Action No. 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

### a. Billing Rates

Turning first to the hourly rate charged, the Court considers whether counsel has established reasonable billing rates. Traditionally, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL 2543293, at *2; *see also Bank of Nova Scotia v. Davis*, Civil Action No. 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally spans from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, Civil No. 2016-94, 2019 WL 4941365, at *3 (D.V.I. Aug. 6, 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case). More recently, however, hourly rates of up to $350.00—or higher depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 and $250.00 in attorneys' fees based on the attorney's level of experience); *Equivest St. Thomas, Inc. v. Gov't of the Virgin Islands,* No. 01-CV-00155, 2004 WL 3037953, at *8 (D.V.I. Dec. 31, 2004) (concluding that rate of $403.75/hour was reasonable rate for senior partner and noting that the rate was justified by the expertise of the attorney and "unusual complexity of the litigation."); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Chapa v. Sepe*, No. 12-cv-00505, 2013 WL 8609242, at *2 (V.I. Super. Ct. June 3, 2013) (concluding that rate of $395/hour is "at the high

end of the customary and prevailing market rates" charged by experienced attorneys in the Virgin Islands).

In view of the foregoing, the Court finds that the $250.00 hourly billing rate charged for Attorneys Stone and Hardy is reasonable and falls within the range of rates typically charged for a foreclosure matter. *See Ditech Fin.*, 2019 WL 4941365, at *3 (finding a $250.00 hourly billing rate to be reasonable); *see also Flagstar Bank, FSB v. Walcott*, Civil Action No. 2018-0037, 2022 WL 4094075, at *3 (D.V.I. Sept. 6, 2022) (same); *Lakeview Loan Servicing, LLC v. Martinez*, Civil Action No. 2016-0073, 2020 WL 4572340, at *6 (D.V.I. Aug. 7, 2020) (same).

### b. Reasonableness of Hours Expended

Next, the Court addresses whether Plaintiff's claimed hours were "reasonably expended." *Phillips*, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

The Court finds that the amount of time billed by Plaintiff's counsel in this matter—25.15 hours—is higher than usual for a foreclosure matter resolved by default judgment. *See, e.g.*, *Oriental Bank v. Tutein*, Civil Action No. 2017-0016, 2023 WL 3692918, at *3 (D.V.I. May 27, 2023) (finding 26.8 hours to be excessive for an uncontested foreclosure matter involving default judgment). Except for a few additional hours billed for addressing matters related to the probate issues in this case, the tasks were straightforward and typical for a foreclosure matter. (Dkt. No. 44-1). Therefore, the Court will reduce the $6,287.50 fee request by fifteen percent and will award attorneys' fees in the amount of $5,344.38. The Court finds that this amount is more reasonable and more comparable with awards in other uncontested foreclosure matters. *See, e.g.*, *Flagstar,* 2022 WL 4094075, at *4 (D.V.I. Sept. 6, 2022) (awarding $4,850.00 in attorneys'

14

fees); *Lakeview*, 2020 WL 4572340, at *7 (awarding $4,975.00 in attorneys' fees); *Fed Nat'l Mortg.*, 2020 WL 4548218, at *3 (awarding $4,867.22 in attorneys' fees).

### 2. Expenses

The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" do not cover the same outlays of funds. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at 584. The *Terrell* court observed that "'costs are not synonymous with expenses unless expressly made so by statute.'" *Id*. at 591 n.14 (citation omitted). With regard to "expenses"—those case-related expenditures that do not qualify as "costs" under applicable statutes—such payments may be reimbursed if allowed by the parties' contract, because courts generally enforce the terms of contracts. *See Audubon Engineering Co. LLC v. Int'l Procurement & Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (Plaintiff was entitled to attorneys' fees pursuant to contract); *Rainey v. Hermon*, 55 V.I. at 886 (court permitted party to recover legal fees and administrative costs allowed by its contract, "unless the fee is unreasonable.").

In the instant Motion, Plaintiff is seeking reimbursement in the amount of $849.24 for the following expenses: $225.00 for title services; $400.00 for filing the Complaint; $26.00 for a filing fee for a *lis pendens*; $8.24 for an online, public records search; and $190.00 in process server fees. (Dkt. No. 44-1 at 2). However, Plaintiff failed to attach actual invoices from each of the service providers—as required by the Local Rules[7] of this Court—to support the expenditures claimed. Accordingly, the Court will deny Plaintiff's request for expenses. *See* Local Rule 54.1(c)

---

[7] Local Rule 54.1(b) provides, in part, that "[c]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item."

("Upon failure of the prevailing party to comply with this Rule, all costs not properly supported shall be waived."); *Zurich Am. Ins. Co. v. Tyree Holdings Corp.,* 87 F. Supp. 3d 703, 705 (D.N.J. 2014) (internal citation omitted) ("The party seeking recover[y] of costs must 'provide sufficient information' to demonstrate the compensable nature of the requested costs.").

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Matrix Financial Services Corporation's "Motion for Default Judgment" (Dkt. No. 41) against Defendants Dion L. Audain and Lisa T. Edwin. Accordingly, the Court will award Judgment in favor of Plaintiff and against Defendants in the amount of $112,177.17 consisting of the principal balance of $67,217.10; accrued interest from September 1, 2015 to September 1, 2018 of $15,123.96; accrued interest from September 2, 2018 through the date of the entry of Judgment of $24,485.13; escrow advances (hazard insurance and taxes) of $4,597.14; late fees of $328.84; and property inspection and preservation fees of $425.00. The total indebtedness of $112,177.17 shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a). In addition, the Court will award Plaintiff $5,344.38 in attorneys' fees to be assessed jointly and severally against Defendants Audain and Edwin. The Court will deny, without prejudice, Plaintiff's request for expenses in the amount of $849.24.

The Court will also adopt the Report and Recommendation (Dkt. No. 50) concluding that the Order granting Plaintiff's Motion to Amend the Complaint was properly entered.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: July 10, 2023  _____/s/_____
WILMA A. LEWIS
District Judge